UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60368-CIV-SEITZ/O'SULLIVAN

CARLOS URQUILLA DIAZ,

      Plaintiff,

v.

KAPLAN UNIVERSITY a/k/a
IOWA COLLEGE ACQUISITION CORP;
KAPLAN HIGHER EDUCATION CORP.;
& ANDREW S. ROSEN,

      Defendants.
_____/

### DEFENDANTS' VERIFIED MOTION TO TAX COSTS AND FOR ATTORNEYS' FEES

      Defendants Kaplan University a/k/a Iowa College Acquisition Corp., Kaplan Higher Education Corp. (together, "Kaplan") and Andrew S. Rosen ("Rosen") (collectively, "Defendants"), pursuant to Federal Rule of Civil Procedure 54, Southern District of Florida Local Rule 7.3(A), 28 U.S.C. §1920, and 42 U.S.C. § 1988 hereby file their Motion to Tax Costs and for Attorneys' Fees.

### I.    INTRODUCTION & FACTUAL BACKGROUND

      Plaintiff, Carlos Diaz ("Diaz"), brought frivolous and unreasonable discrimination and retaliation claims against Defendants under Title VII and 42 U.S.C. § 1981 ("Section 1981"). Diaz's claims were frivolous and unreasonable from the outset of this case because there was never any evidence whatsoever of unlawful discrimination or retaliation by Defendants against Diaz.

      Diaz initially brought this action against Defendants and several other current and former Kaplan senior employees in Broward County Circuit Court on or about May 21, 2007. Over the

subsequent seven months, Diaz never managed to serve any of the individual defendants and, instead, filed an Amended Complaint on or about December 29, 2007.  Yet again, Diaz failed to serve the individual defendants and only managed to serve Kaplan nearly sixty days later on February 25, 2008.  When Defendants properly removed this case to federal court on March 17, 2008, Diaz filed seven pleadings unreasonably challenging removal and seeking to stay the federal court proceedings pending resolution of Diaz's Motion to Remand. [DE #11, 18, &35-39][1]  All of Diaz's filings necessitated extensive research and briefing from Defendants.  After all the briefs were filed and oral argument concluded, this Court denied Diaz's Motion to Remand, severed Diaz's claim against Wilcox, and ruled that Diaz and Wilcox were in collusion to evade federal court removal. [DE #56]

In response to Defendants' Motion to Dismiss, Diaz filed a Second Amended Complaint on September 5, 2008. [DE #66]  Despite having no evidence of discrimination and no supporting witnesses other than Wilcox, Diaz nevertheless continued his frivolous and unreasonable quest against Defendants through an eight-month discovery period, Defendants' Motion for Summary Judgment[2], and Defendants' Motion to Strike Testimony of Ben Wilcox.[3] [DE #97]

---

[1]   Notably, then individual Defendant Wilcox ("Wilcox") filed his own Motion to Remand [DE #6], as well as a motion and supporting affidavit to continue the Court's hearing on the remand issue. [DE #29-30].  These filings, which were directly related to Diaz's own remand filings, also necessitated responses from Defendants.

[2]   In addition to opposing Defendants' Motion for Summary Judgment, Diaz also filed a Motion to Compel this Court to permit Diaz's counsel access to a non-party witness that counsel simply neglected to depose prior to the discovery cutoff. [DE # 94]  The Court denied Diaz's motion after Defendants served their response. [DE # 96]

[3]   Defendants' Motion to Strike was, likewise, directly related to and necessitated by Diaz's claims.  Wilcox was the sole witness corroborating Diaz's discrimination and retaliation allegations and the basis for Diaz's summary judgment opposition, yet Wilcox repeatedly

Diaz's quest finally ended on June 30, 2009, when this Court granted Defendants' Motion for Summary Judgment and entered Final Judgment in Defendants' favor on all counts. [DE #105-106]. Notably, the Court found that Diaz could not prove his *prima facie* case of discrimination because: (1) he did not establish that he was qualified for his job; and (2) he did not establish that he was treated less favorably than similarly-situated, non-Hispanic employees. [DE #105, pp. 13-14] The Court further found that Diaz could not prove his *prima facie* case of retaliation because he did not prove a causal connection between his protected activity and any adverse employment action. [*Id.* at p. 15]

Based on the Court's Order Granting Summary Judgment, Defendants are the prevailing parties in this action. Therefore, Defendants are entitled to recover costs pursuant to Federal Rule of Civil Procedure 54(d), 28 U.S.C. §1920, and 42 U.S.C. § 1988. Additionally, Defendants are entitled to an award of attorneys' fees because Diaz's claims were frivolous, unreasonable, and without foundation.

## II.   ARGUMENT

### A.   Defendants Are Entitled to Recover Costs & Interest

Federal Rule of Civil Procedure 54(d) provides that "costs, other than attorney's fees, shall be allowed as of course to the prevailing party, unless the Court otherwise directs." Fed. R. Civ. P. 54(d). Pursuant to 28 U.S.C. § 1920, costs are recoverable, *inter alia*, for: (1) fees of the clerk; (2) fees for service of subpoenas; (3) fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case; and (4) photocopying costs. Pursuant to 42 U.S.C. § 1988, additional costs and expenses are recoverable as part of the attorney's fees awarded to a prevailing party in a civil rights case.

---

invoked his Fifth Amendment rights at deposition to prevent full and effective cross examination by defense counsel.

The total costs bear interest from the date of the original judgment.  *See* 28 U.S.C. § 1961; *see also Georgia Ass'n. of Retarded Citizens v. McDaniel,* 855 F.2d 794, 799 (11th Cir. 1988) ("[w]e conclude that when a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment.").

### 1. Fees of the Clerk & For Service of Subpoenas

Costs incurred for both clerk of court filing fees and for service of subpoenas are expressly recoverable under 28 U.S.C. § 1920.  Here, Defendants incurred clerk of court filing fees of $350.00 to remove this case to federal court.  Defendants also incurred costs of $1,535.45 for service of subpoenas on Diaz's former and subsequent employers, on Diaz's healthcare provider, and on Wilcox for deposition.  Diaz's employment and medical records were necessary to evaluate Diaz's damage claims. Defendants needed these records to determine Diaz's credibility; to determine whether Diaz had properly mitigated his back pay damage claims; and to test the veracity of Diaz's claims that Defendants actions caused him emotional distress.

Service of a deposition subpoena on Wilcox was necessary because Diaz's counsel, one of whom also represents Wilcox in the False Claims Act case against Kaplan, refused to produce Wilcox voluntarily for deposition.  Accordingly, Defendants were required to secure Wilcox's attendance at his deposition via subpoena.  These recoverable costs are itemized in the Bill of Costs attached to the Affidavit of lead defense counsel, Susan N. Eisenberg.  *See* Exhibit "A".

### 2. Transcripts and Deposition Costs

It is well-established that the prevailing party in litigation is entitled to costs of deposition transcripts under 28 U.S.C. § 1920.  *Tang How v. Edward J. Gerrits, Inc.,* 756 F. Supp. 1540, 1545 (S.D. Fla 1991), *aff'd* 961 F.2d 174 (11th Cir. 1992); *James v. Wash Depot Holdings, Inc.,* 242 F.R.D. 645, 650 (S.D. Fla. 2007).  Such costs are reimbursable where the depositions are taken in support of a summary judgment motion that ultimately prevails.  *See United States*

*E.E.O.C. v. W&O, Inc.,* 213 F.3d 600, 621 (11th Cir. 2000); *Kansas ex. rel. Stephan v. Deffenbaugh Indus. Inc.,* 154 F.R.D. 269 (D. Kan 1994). In assessing whether to tax costs for deposition transcripts, the court need only determine whether the deposition appeared reasonable in light of the facts known at the time it was taken. *See, e.g., Rivers v. Orthopedic Systems, Inc.* 2006 WL 5838358, *1 (S.D. Fla. Nov. 28, 2006).

Diaz's videotaped deposition, Wilcox's videotaped deposition, and Defendant Andrew Rosen's deposition were necessary to support Defendants' Summary Judgment Motion and to the defense of this case. Additionally, the transcript from the Court's hearing on Diaz's Motion for Remand was necessary to prepare for these depositions and to the overall defense of this case. The costs associated with these depositions total $10,051.93 and are itemized in the attached Bill of Costs. *See* Eisenberg Affidavit at Exhibit "A".

**3.    Photocopy Costs**

Costs for photocopying are also recoverable under 28 U.S.C. § 1920. Although a party may not recover costs for copies that were made for the convenience of counsel, a party is entitled to recover costs for copying documents that "the prevailing party could have reasonably believed that it was necessary to copy." *United States E.E.O.C.,* 213 F.3d at 623; *see also George v. Florida Dep't of Corrections,* 2008 WL 2571348, *2-3 (S.D. Fla. May 23, 2008). Such documents include discovery, pleadings, correspondence, documents tendered to opposing counsel, exhibits and documents filed in support of motions, and documents prepared for the Court's consideration. *See James,* 242 F.R.D. at 651 (*citing Desisto College v. Town of Howey-in-the-Hills,* 718 F. Supp. 906, 913 (M.D. Fla. 1989)).

Defendants incurred reasonable and necessary photocopying costs during the course of this litigation, including photocopies related to: (a) Defendants' removal to federal court; (b) the Court's hearing on Diaz's Motion to Remand, Defendants' Motion to Dismiss, and Defendants'

Motion to Vacate; (c) copies to prepare for the depositions of Diaz, Wilcox, and Rosen; (d) copies related to witness interviews to defend against Diaz's claims; and (e) copies related to Defendants' Motion for Summary Judgment. These photocopying costs total $5,407.41 and are more specifically described in the attached Bill of Costs. *See* Eisenberg Affidavit at Exhibit "A". These photocopying costs incurred were reasonable and necessary to defend Diaz's claims and should be awarded to Defendants. *See id.*

    4.    **Additional Costs**

In addition to the taxable costs which are enumerated in 28 U.S.C. § 1920, Defendants seek an award of costs for (a) long distance telephone charges; (b) computer research; and (c) travel expenses. An award of attorneys' fees under 42 U.S.C §1988 also permits an award of various costs and expenses above those items delineated in 28 U.S.C. § 1920. "With the exception of routine office overhead normally absorbed by the practicing attorney, all reasonable expenses incurred in case preparation, during the course of litigation . . . may be taxed as costs under Section 1988." *See NAACP v. City of Evergreen*, 812 F.2d 1332, 1337 (11th Cir. 1987).

The Eleventh Circuit has held that such costs are recoverable if they were reasonably incurred. *See, e.g., Cullens v. Georgia Dep't of Transp.,* 29 F.3d 1489, 1494 (11th Cir. 1994) (holding that long distance telephone charges and travel costs are recoverable); *Terry Properties, Inc. v. Standard Oil Co.,* 799 F.2d 1523, 1540 (11th Cir. 1986) (holding that computer research is recoverable). In fact, in a case pending before this Court, Magistrate Judge McAliley has previously held that Eleventh Circuit authority supports recovery of additional costs if they are reasonably incurred. *See Aranda v. Jewish Community Servs. of South Florida, Inc.,* 2007 WL 707384, *2 (S.D. Fla. Mar. 5, 2007) (awarding long distance telephone charges and computer research). Moreover, at least one court within the Southern District has recognized the propriety

of awarding travel costs incurred in a discrimination case. *See Price v. United Technologies, Corp.*, 2001 WL 36085163, *3 (S.D. Fla. July 27, 2001) (awarding travel costs under 42 U.S.C. § 1988).

In this case, additional costs for long distance telephone calls, computer research, and travel expenses were reasonably incurred in defending against Diaz's frivolous claims. As set forth in detail in the attached Bill of Costs, Defendants incurred long distance telephone charges related to conferences with opposing counsel, in-house counsel, and the individuals involved in Diaz's termination. Defendants incurred computer research costs in connection with several substantive issues raised by Diaz throughout this litigation, including Diaz's Motion to Remand, Defendants' Motion to Dismiss, Defendants' Motion to Vacate, and Defendants' Motion for Summary Judgment. Finally, Defendants incurred travel costs of airfare, hotel, and taxi transportation in connection with Wilcox's deposition and necessary witness interviews to obtain written declarations supporting Defendants' Motion for Summary Judgment. *See* Eisenberg Affidavit at Exhibit A. Therefore, Defendants respectfully request this Court enter an Order awarding Defendants these additional costs and expenses in the amount of $13,651.44.

### B. Defendants Are Entitled to Recover Attorneys' Fees

Diaz filed suit alleging that Defendants discriminated and retaliated against him because of race and national origin in violation of Title VII and Section 1981. Significantly, after careful consideration and having been fully briefed on the merits of the case by both parties, this Court entered summary judgment against Diaz and in Defendants' favor on all counts on June 30, 2009. [DE #105] In its Order, the Court specifically found that Diaz could not establish two elements of his *prima facie* case of discrimination – (1) that he was qualified for his job and (2) that he was treated less favorably than similarly-situated, non-Hispanic employees. [DE #105, pp. 13-14] The Court likewise specifically found that Diaz could not establish the causal

connection element of his *prima facie* case of retaliation. [*Id.* at p. 15]. The Court concluded that Diaz had absolutely no basis for any of his claims. Clearly, then, Diaz's claims against Defendants were frivolous, groundless and without foundation and Defendants are the prevailing parties.

1. **Entitlement To Fees**

The Supreme Court established the standard for awarding attorneys' fees to prevailing Title VII defendants in *Christiansburg Garment Co. v. E.E.O.C.,* 434 U.S. 412 (1978). The *Christiansburg* Court held that "a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, **even though not brought in subjective bad faith**." *Christiansburg,* 434 U.S. at 421 (emphasis added). Even if the action initially had foundation, fees can still be awarded if the plaintiff continues to litigate after the claim becomes insupportable. *Id; Roper v. Edwards,* 815 F.2d 1474 (11th Cir. 1987).

The Eleventh Circuit in *Sullivan v. School Board of Pinellas County,* 773 F.2d 1182 (11th Cir. 1985), identified three factors that are considered in determining whether a claim is frivolous, unreasonable or without foundation: (1) whether the plaintiff established a *prima facie* case; (2) whether the defendant offered to settle; and (3) whether the trial court dismissed the case prior to trial or held a full-blown trial on the merits. *Sullivan,* 773 F.2d at 1188. Defendants are entitled to attorneys' fees here, because they satisfy each of the *Sullivan* factors.

First, as previously mentioned, Diaz failed to establish a *prima facie* case of discrimination because he could not prove that he was qualified for his job or that Kaplan subjected him to less favorable treatment. Diaz also failed to establish a *prima facie* case of retaliation because he could not prove any causal connection between his protected activity and

any adverse employment action. Although the claims appeared frivolous from the outset, after eight months of discovery, Diaz was still unable to unearth any evidence Defendants acted with discriminatory or retaliatory animus when Diaz was transferred from faculty member to curriculum developer and, subsequently, terminated based on a history of poor job performance and insubordination. Diaz's outlandish conspiracy theory simply had no evidentiary support. *See Jones v. Dealers Tractor Equipment Co.,* 634 F.2d 180 (5th Cir. 1981) (attorneys' fees awarded where plaintiff was unable to make out *prima facie* case of discrimination); *see also Anderson v. UPS, Inc.,* 2007 WL 2412831, *1-2 (S.D. Fla. Aug. 21. 2007) (awarding attorneys' fees where employer prevailed in summary judgment in race discrimination case).

Second, Defendants offered to settle Diaz's claims for a nominal amount at Court-ordered mediation. Diaz refused the nominal offer and, instead, demanded an outrageously high sum of money to resolve his frivolous claims. Diaz's refusal further evidences that, from the beginning, his action against Defendants was nothing more than a meritless and blatant attempt to "take Kaplan down". *See Anderson,* 2007 WL 2412831 at *2 (awarding attorneys' fees where employer made nominal settlement offer). In fact, throughout this litigation, Diaz was simultaneously litigating a False Claims Act case against Kaplan along with co-relator Wilcox. The False Claims Act case remains pending before this Court.

Third, this Court granted summary judgment after the close of discovery which failed to bear any evidence supporting Diaz's vast conspiracy theory. The Eleventh Circuit has held that frivolity is typically found in cases where defendants prevail on summary judgment. *Sullivan,* 773 F.2d at 1139. Here, Defendants prevailed on summary judgment because Diaz failed to establish *prima facie* cases of discrimination and retaliation and because Diaz failed to introduce any evidence to support his contentions that Defendants intentionally discriminated or retaliated

against him in any manner. Thus, the Court dismissed Diaz's entire Second Amended Complaint and entered Final Judgment in Defendants' favor. [DE #106]

Based on both the *Christiansburg* standard for frivolity or unreasonableness and each of the three *Sullivan* factors, it is clear that Defendants are entitled to an award of attorneys' fees. From the outset, Diaz knew he had no evidence of discrimination or retaliation by Defendants and no first-hand knowledge of any unfair treatment. Indeed, Diaz rested his entire action against Defendants on the shoulders of a single witness – a witness who is presently under indictment in the Northern District of Illinois, who this Court previously found colluded with Diaz, and who is currently suing Kaplan along with Diaz in a False Claims Act case. Here, it is also important to note that, not only did Diaz know his claims were baseless, but there is sufficient record evidence to show Diaz's ill will against Defendants in filing his claims. As this Court held in denying Diaz's and Wilcox's Motions to Remand, Wilcox and Diaz have colluded to "bring down" Kaplan. [DE #56, pp. 14-17] In response to the two remand motions, Defendants filed e-mails between Wilcox and Diaz plainly demonstrating their collusion to the Court. Therefore, this is clearly a cause where an award of attorneys' fees is warranted.

Ultimately, as the case progressed through discovery and into dispositive motions, it was abundantly clear that no evidence existed to support Diaz's claims  To the contrary, all of the record evidence supported Defendants' legitimate, non-discriminatory reasons for Diaz's termination. For all these reasons, the Court awarded summary judgment to Defendants. Given that Diaz's claims were without foundation, Defendants are entitled to recover the attorneys' fees incurred in defending this action.

### 2. Amount of Fees

As of June 30, 2009, Defendants had incurred attorneys' fees in connection with this case

in the amount of $434,717.00.[4] The lodestar method is the accepted means upon which to determine a reasonable award of attorneys' fees. *See ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999). This method calculates attorneys' fees by determining a reasonable hourly rate for a reasonable number of hours expended on the litigation. *See id.; Schafler v. Fairway Park Condo. Ass'n.,* 324 F.Supp. 2d 1302, 1309 (S.D. Fla. 2004). Reasonable rates are defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436. A fee applicant may supply proof of such market rate through evidence from legal practitioners in the relevant community who are familiar with the type of work and market rate for such work. *Norman v. Housing Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Additionally, the Court may make an independent assessment of the market rate for and value of such work, using its own judgment and expertise. *Id.* at 1303.

Prior to the adoption of the lodestar formula, courts applied the following "Johnson" factors to determine a reasonable attorneys' fee award: (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal services properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases. *Schafler*, 324 F.Supp. 2d at 1313 n.4 (citing *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714,

---

[4] Defendants reserve their right to seek reimbursement of reasonable fees incurred after June 30, 2009, in connection with these attorneys' fee proceedings. *See Thompson v. Pharmacy Corp. of Amer.*, 334 F.3d 1242 (11th Cir. 2003) (attorneys' fees may be recoverable for time spent litigating a statutory fee claim).

717-19). While the lodestar formula has replaced these factors, courts are still permitted to consider the factors when determining reasonable rates. *See Loranger v. Stierheim*, 10 F.3d 776 (11th Cir. 1994). Defendants submit that, while all of the factors are relevant, several of the following factors, namely, (1), (2), (3), (5) and (8), as discussed below, should be given greater weight in the Court's analysis.

With respect to factor (1), Defendants' counsel were required to expend a significant amount of time and labor on this case on discovery-related issues. Diaz produced nearly 500 pages of discovery, and Defendants additionally received over 200 pages pursuant to records subpoenas and Freedom of Information Act requests. Defense counsel received approximately 1,700 pages of discovery from Defendants related to Diaz's claims in this case. Defendants were also forced to file a Motion to Compel regarding Diaz's incomplete responses to Defendants' written discovery requests. [DE #67] Notably, Diaz did not serve any responses to Defendants' written discovery requests until two days after Defendants filed their Motion to Compel.

Further, a demanding federal briefing schedule required substantial time and labor. There were many substantive motions filed in this case which required extensive researching and briefing, including multiple Motions to Remand, Defendants' Motion to Dismiss, Defendants' Motion to Vacate, Defendants' Motion for Summary Judgment, Diaz's Motion to Compel, and Defendants' Motion to Strike.[5] For his part, Diaz filed numerous unnecessary pleadings and responding to those pleadings required a substantial amount of additional work. *See, e.g.,* DE #11, 18, 35-39, & 94. Finally, the fact that Diaz did not have counsel admitted in the Southern

---

[5] As noted above, the attorneys' fees incurred in responding to Wilcox's remand motion and incurred in Defendants' motion to strike Wilcox's deposition testimony were directly related to Diaz's claims and caused by Diaz's nearly exclusive reliance on Wilcox throughout this litigation.

District of Florida until August 2008 caused additional difficulty, time, and labor for Defendants in litigating this case.

Moreover, with respect to factors (2) and (3) employment litigation requires specialized knowledge and skill and counsel for Defendants have the specialized knowledge and skill needed to handle employment discrimination claims with efficiency and efficacy. With respect to factor (5), the fixed hourly rates charged by Defendants' counsel in this case are the same as those rates that counsel customarily charges in employment litigation. In addition, with respect to factor (8), Defendants' counsel obtained the very favorable result of having the case dismissed with prejudice.

The foregoing facts demonstrate the reasonableness of the attorneys' fee request by Defendants in this case. As more fully detailed below and in the attached affidavit of Susan N. Eisenberg, both the hourly rates and the number of hours expended in litigating this case were reasonable and justified. *See* Exhibit "A". Accordingly, Defendants are entitled to 100% of the attorneys' fees and costs sought herein.

### C.    **Information Required by S.D. Fla. L.R. 7.3(A).**

Defendants seeks to recoup $434,717.00 in attorneys' fees expended through June 30, 2009, in defending against Diaz's frivolous claims. The Affidavit of Susan N. Eisenberg, Esq., attached as Exhibit "A", sets forth the terms of Defendants' agreement with Akerman Senterfitt to pay legal fees on a monthly basis and details the total attorneys' fees and costs incurred by Defendants through the date of the Final Judgment, including the number of hours worked by each attorney and their respective billing rates.[6] Ms. Eisenberg's affidavit also specifies the

---

[6]    Defendants possess a more detailed description of this information in the form of monthly billing invoices. However, because the information contains attorney/client privileged

{M2831382;1}   13

taxable costs for which Defendants seek recovery. Undersigned counsel has fully reviewed the time records and supporting data, and conclude that this motion is well-grounded in fact and justified.

This Motion and the award of fees sought herein has been further verified by Robert S. Turk, Esq., an expert witness whose affidavit is attached as Exhibit "B".

Counsel for Defendants has conferred with counsel for Diaz in an effort to resolve the issues raised by this motion and has been advised that Diaz opposes this Motion and the award of attorneys' fees and costs sought herein.

### III.   CONCLUSION

Defendants respectfully request this Court enter an Order awarding it costs in the amount of $30,996.23. Moreover, Defendants respectfully request that this Court enter an Order entitling Defendants to recover their attorneys' fees in the amount of $434,717.00. Alternatively, Defendants request that this Court schedule a hearing as to the amount and reasonableness of attorneys' fees in this matter.

Respectfully submitted,

By:    /s/ Jennifer Taylor Williams
    Susan N. Eisenberg, Esq. (600393)
    susan.eisenberg@akerman.com
    Jennifer Taylor Williams, Esq. (0174203)
    jennifer.williams@akerman.com
    **AKERMAN SENTERFITT**
    Attorneys for Defendants
    One S.E. 3rd Avenue
    25th Floor
    Miami, FL  33131-1714
    Phone:  (305) 374-5600
    Fax:  (305) 374-5095

---

and work-product protected material, Defendants request that the information be submitted to the Court under seal or pursuant to *in camera* review.

## CERTIFICATE OF SERVICE

WE HEREBY CERTIFY that we electronically filed the foregoing with the Clerk of the Court by using CM/ECF system which will send a notice of electronic filing to the following parties on the attached service list who is a registered CM/ECF attorney this 30th day of July, 2009.

                                                                  /s/ Jennifer Taylor Williams
                                                                 Jennifer Taylor Williams

**SERVICE LIST**
**Carlos Urquilla Diaz v. Kaplan University, et al.**
**Case No.: 08-60368-CIV-SEITZ/O'SULLIVAN**
**United States District Court, Southern District of Florida**

Susan N. Eisenberg, Esq.
susan.eisenberg@akerman.com
Jennifer Taylor Williams, Esq.
jennifer.williams@akerman.com
**AKERMAN SENTERFITT**
Attorneys for Defendants
One Southeast Third Avenue
Suite 2500
Miami, FL  33131
Telephone:  (305) 374-5600
Facsimile:  (305) 374-5095

G. Ware Cornell, Esq.
**CORNELL & ASSOCIATES**
Attorney for Plaintiff
1792 Bell Tower Lane
Weston, FL  33326
Telephone: (954) 524-2703
Facsimile: (954) 524-2706
ware@warecornell.com
Served via CM/ECF

John W. Andrews, Esq.
jwa@1x.netcom.com
**ANDREWS LAW GROUP**
Attorney for Plaintiff
3220 Henderson Blvd.
Tampa, FL  33609
Telephone: (813)  877-1867
Facsimile:  (813)  872-8298
Served via CM/ECF